UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| INSITE WIRELESS GROUP, LLC, | CASE NO. C18-1430JLR |
|---|---|
| Plaintiff, v. STEVE LEMAY, LLC, et al., Defendants. | ORDER STRIKING THE PRO SE APPEARANCE ON BEHALF OF DEFENDANT STEVE LEMAY, LLC, AND ORDER TO SHOW CAUSE REGARDING THE PRO SE APPEARANCE ON BEHALF OF THE ESTATE AND THE MARITAL ESTATE |

Before the court is the pro se appearance of Defendant Carol Lemay on behalf of herself and on behalf of Defendants Steve Lemay, LLC, the Estate of Stephen Lemay ("the Estate"), and the Marital Estate of Stephen Lemay and Carol Lemay ("the Marital Estate"). (Not. of App. (Dkt. # 7).)

A litigant in federal court has a statutory right to self-representation. *See* 28 U.S.C. § 1654. Thus, there is no question that Ms. Lemay may appear pro se on her own behalf. However, "[w]hile a non-attorney may appear pro se on his [or her] own behalf,

'[h]e [or she] has no authority to appear as an attorney for others than himself [or herself].'" *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that a claimant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). A corporation or other artificial entity must be represented by licensed counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-202 (1993) (noting that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney); *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Accordingly, Ms. Lemay may not appear pro se on behalf of Steve Lemay, LLC, and the court STRIKES her appearance on behalf of this Defendant. Steve Lemay, LLC, may only appear via counsel in this matter. *See* Local Rules W.D. Wash. LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel.").

"[I]n her capacity as personal representative," Ms. Lemay also appears pro se on behalf of the Estate and the Marital Estate. (*See* Not. of App. at 1.) In general, however, estates also may not proceed pro se in federal court. *See, e.g.*, *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664-65 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (citing 28 U.S.C. § 1654). An attorney must represent a personal representative before the court where an estate has multiple

beneficiaries and creditors. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that an executrix may not appear pro se on behalf of an estate); *Iannoccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (holding that an administrator of estate may not appear pro se on behalf of an estate); *Jones v. Corr. Med. Servs.*, 401 F.3d 950, 951-52 (8th Cir. 2005) (holding that non-attorney administrator of the decedent's estate may not proceed pro se on behalf of an estate); *see also C.E. Pope Equity Tr*, 818 F.2d at 697-98 (holding that a trustee attempting to represent a trust pro se was not, pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case personally" as he was not the beneficial owner of the claims being asserted).

In *Guest v. Hansen*, a father who was the administrator and sole beneficiary of his late daughter's estate appealed pro se the trial court's grant of summary judgment in a wrongful death suit against a college. 603 F.3d 15, 19 (2d Cir. 2010). In response to the court's inquiry, the father filed a letter brief providing evidence that the mother disclaimed all interest in decedent's estate and that he was the sole beneficiary. *Id.* at 19-20. Later, he filed an additional brief stating that estate had no creditors. *Id.* The Second Circuit reasoned that because the estate had no other beneficiaries and no creditors, the father was the only party affected by the disposition of the suit and he was, in fact, appearing solely on his own behalf. *Id.* at 21. The court noted that it was only legal fiction that assigned a sole beneficiary's claims to the estate rather than to the beneficiary himself. *Id.* In that situation, the right to self-representation outweighed the dangers that accompany lay lawyering. *Id.* Thus, the Second Circuit held that the

administrator or sole beneficiary of an estate with no other creditors may appear pro se on behalf of the estate. *Id.*

Although Ms. Lemay states in her notice of appearance that she is the representative of the Estate (Not. of App. at 1), the court cannot determine from the record if the Estate has any other beneficiaries or creditors. If there are other beneficiaries or creditors, then other parties have a stake in the outcome of this litigation, and the Estate may not proceed without a lawyer. *See McCurdy v. Cambridge Sch. Dist. No. 432*, No. 1:10-CV-150-BLW, 2010 WL 4666046, at *3 (D. Idaho Nov. 8, 2010). Ms. Lemay may only represent the Estate and the Martial Estate pro se if she can demonstrate that she is the only interested party to the Estate.

Accordingly, the court ORDERS Ms. Lemay to show cause why it should not strike her pro se notice of appearance on behalf of the Estate and the Martial Estate within 21 days of the filing date of this order. Ms. Lemay may fulfill the court's order by filing a sworn declaration or other evidence indicating that the Estate has no other beneficiaries than herself and no other potential creditors than herself and Plaintiff Insite Wireless Group, LLC ("Insite"). If Ms. Lemay fails to file the requisite evidence within the required time period, the court will strike her appearance on behalf of the Estate and Marital Estate and require those Defendants to appear through legal counsel. Insite may,

//
//
//
//

but is not required to, file a response to the court's order to show cause within the same timeframe described above.

Dated this 30th day of January, 2019.

JAMES L. ROBART
United States District Judge